its to the whole of the plaintiff's demand, and that the nature of the defense is that said account sued upon was not assigned by the American Shirt Company to said plaintiff, and that said account was paid by said defendants to the person or persons entitled to receive the same.   In our opinion the affiant set up a good defense, at least in so far as it denied the assignment, and it was erroneously stricken.

As above stated the defendants entered their written appearance when the affidavit of merits or defense was filed.   The judgment entered by the court was "by default for want of appearance."   This was contrary to the record and the fact and was irregular.

For the error indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Margaret Ward, Plaintiff in Error, v. The North American Accident Insurance Company, Defendant in Error.

Gen. No. 17,797.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1911.   Affirmed.   Opinion filed October 14, 1913.

## Statement of the Case.

Action by Margaret Ward against The North American Accident Insurance Company, a corporation, to recover on a policy of accident insurance.   From a judgment sustaining a demurrer to plaintiff's declaration, plaintiff brings error.

Eagleston v. Goodykoontz, 182 Ill. App. 318.

P. S. WEBSTER and SPENCER WARD, for plaintiff in error.

EDWARD ST. CLAIR, for defendant in error.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 410*—*risks covered by accident policy.* An accident policy insuring against injuries while riding as a passenger in a conveyance provided by a common carrier, *held* not to cover risk of injury to a switchman while riding on the platform of a passenger coach in the discharge of his duties.

2. INSURANCE, § 572*—*when declaration in suit on accident policy is demurrable.* Where it appears from the declaration that the policy set out therein was not in force at the time of the injuries, an averment that the policy was in force at the time of the accident is a mere conclusion of the pleader, and declaration is demurrable.

3. INSURANCE, § 577*—*when averments of waiver of terms of policy, insufficient.* An averment in a declaration that the agent taking the application for insurance knew that the applicant was an employe of a common carrier does not impose a liability upon the insurer contrary to the terms of the policy.

---

## John W. Eagleston et al., Appellees, v. Anna Burrell Goodykoontz, Administratrix, Appellant.

### Gen. No. 17,913.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded with directions. Opinion filed October 14, 1913.

### Statement of the Case.

Bill filed by John W. Eagleston and others against

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.